R. G. COWAN *v.* A. HUDSON.

[62 South. 275.]

BILLS AND NOTES. *Accommodation endorser. Consideration.*

Where the maker of a promissory note delivers it to the payee who afterwards without the maker's knowledge procures another party without a new consideration to sign the note by telling him it will help the payee at the bank and the note is never presented to the bank, on a suit by the payee against both the signers of the note, the second signer cannot be held liable, as in effect he is simply an accommodation endorser without separate consideration.

APPEAL from the circuit court of Lamar county.
HON. A. E. WEATHERSBY, Judge.

Suit by A. Hudson against R. G. Cowan and another. From a judgment for plaintiff, defendant, R. G. Cowan, appeals.

The facts are fully stated in the opinion of the court.

*T. E. Salter,* for appellant.

·The evidence adduced upon the trial of this cause as disclosed by this record shows conclusively that there was no consideration as to R. G. Cowan, appellant. There is not even a hint that he ever owed the appellee a cent. There is not even a hint of suspicion that appellant was in any way connected with the Cowan Drug Company. In this transaction, appellant was clearly an accommodation endorser. .He was not indebted to appellee, had no knowledge of E. L. Cowan's indebtedness to appellee until after the note was signed by E. L. Cowan and delivered to appellee in Hattiesburg. According to appellant's testimony, it was more than a year after the execution of the note by E. L. Cowan that it was presented to appellant in Sumrall. It is true that appellee says that it was some time during 1910, and as he remembered only a few days after it was signed by E. L. Cowan. But it was not contended that there was any consideration for appellant's signing the note except to help appellee out at the bank. In response to the question, "Did you tell Mr. Cowan, meaning the appellant, at the time that you only wanted his signature in order to help you out of a tight?" he says: "I told him it might help me out at the bank." So that, taking appelee's version of the matter, appellant was an accommodation endorser. "An accommodation endorser or maker is a party who receives nothing as a consideration for the execution of a note, and. the accommodated party parts with nothing." 1 Words and Phrases, page 74; Norton, Bills and Notes, page 176, 7 Cyc., p. 773, 1 Am. & Eng. Ency. (2 Ed.), p. 337.

It cannot be seriously held that appellant incurred any liability save that of an accommodation maker. The

court below so held, but upheld appellee's contention there that appellant was an accommodation endorser for E. L. Cowan. Such position is untenable under the facts disclosed by this record. There is not a hint in the record that E. L. Cowan knew when he delivered the note to appellee, that the latter purposed to have appellant sign it. But the uncontroverted testimony of E. L. Cowan is that he refused to deliver the note until assured by appellee that it would not be presented to appellant for the latter's signature. It certainly requires a far-fetched and violent stretch of the imagination to conceive of E. L. Cowan being accommodated by appellant's signing the note when the former did not know of its presentation, and when he had made it a condition precedent to delivery that it should not be presented to appellant. Was the credit of appellant loaned to E. L. Cowan? The latter had already fully executed the note to appellee. Whose purpose was it to profit by having appellant's signature to the note? Both appellant and appellee testified that the note was signed by appellant to help appellee, A. Hudson, out of a tight at the bank. According to appellee's testimony disclosed by this record, the only consideration passing between appellant and appellee was the former's willingness to extend credit to the latter.

Appellee failed to use the note at the bank to help him out of a tight, the purpose for which it was made, but held it until after maturity, and upon default in its payment by E. L. Cowan, brought suit against E. L. Cowan and R. G. Cowan. He had no cause of action against R. G. Cowan. The authorities are uniform upon this proposition. There are no exceptions. 1 Am. & Eng. Ency. of Law, p. 550; Norton on Bills and Notes, p. 176, and 7 Cyc., p. 725.

It is conceded that appellant signed this note several days after its execution by E. L. Cowan. This being true, it was necessary that a new and valid consideration pass

between appellant and appellee for appellant's signature and liability. And this is true whether the paper be accommodation paper or not. The evidence shows a lack of any consideration as to R. G. Cowan, appellant, when he signed the note—old or new. Hence, he is not bound thereby. 1 Amer. & Eng. Ency., 337.

For the foregoing reasons we submit that the court erred in granting the peremptory instruction asked by the plaintiff so far as it affected appellant, and that the court further erred in overruling defendant's motion for a new trial. We most respectfully submit that for the reasons set forth in said motion and in this brief, the judgment of the court ought to be reversed.

*C. G. Mayson,* for appellee.

It is respectfully submitted that the action of the lower court in granting the appellee a peremptory instruction is manifestly correct. As disclosed by the record, the appellant sought to predicate his defense of duress, in that he insisted that he was an aspirant for political preferment, and the appellee not only threatened to withdraw his support from him, but make it extremely active in behalf of his opponent. Conceding the threat of the alleged political hostility to be true, it is not such duress as the law recognizes. The record shows that the appellant was the comaker of the note, and as such participated in the consideration for its execution. The consideration moving to the comaker, his son, E. S. Cowan, is sufficient to bind appellee. Even if appellee occupied the relation of endorser or surety, his liability would be unquestionable. We insist though that this case is controlled absolutely by that of *Pearl* v. *Cortright,* 81 Miss. 300.

It is respectfully submitted that the case ought to be affirmed.

Reed, J., delivered the opinion of the court.

E. L. Cowan, who was a member of the firm of Cowan Drug Company, which failed and went through bankruptcy, promised to refund to A. Hudson an amount paid by him as indorser on the firm's notes. In accordance with the promise, he signed and delivered to Hudson a note for six hundred and eighty-three dollars and thirty-one cents. Thereupon Hudson took the note to R. G. Cowan, the father of E. L. Cowan, and got him to sign it also.

Mr. Hudson testified that R. G. Cowan promptly agreed to sign the note when the matter was explained to him. R. G. Cowan testified that Mr. Hudson told him, if he would sign the note, it would help him (Hudson) out "in a tight," and that he signed it for that purpose, and did not receive any consideration whatever for so doing. In his testimony, Hudson, when questioned if he had told R. G. Cowan that he only wanted his signature to help "out in a tight," answered "I told him it might help out at the bank."

E. L. Cowan stated in his testimony that Mr. Hudson asked him to get his father to sign the note, and that he declined to do so, and stated that his father was in just "as bad financial condition as he was." It does not appear that the note was ever used in bank, but it was held by Mr. Hudson, who brought suit thereon against both E. L. Cowan and R. G. Cowan.

After the testimony was all introduced, the court gave a peremptory instruction for the plaintiff. R. G. Cowan became surety for E. L. Cowan when he signed the note. In effect, he was in the position of an accommodation indorser.

Referring to suretyship on commercial paper, it is stated in 7 Cyc. 739, that "the contract of a surety requires a consideration, and, if it is subsequent to the original contract, a fresh consideration."

It was decided in the case of Clopton, Executor, v. Hall, 51 Miss. 482, that "the liability of a compromisor, surety,

or guarantor, to a promissory note, rests upon the presumption of participation in the original consideration; and the signing of a note after its delivery, after the execution of the contract, is independent of the original contract, and disconnected from its consideration, and the liability incurred for payment must depend upon some other inducement or consideration valuable in law."

It appears from the testimony that R. G. Cowan signed the note to help Mr. Hudson "out of a tight," and, from Mr. Hudson's own statement, to help him "out at the bank." Mr. Hudson did not use this paper in the bank, the particular purpose for which it was given. He never discounted the note given for his benefit and accommodation. He never passed it to the hands of a holder for value. The purpose for which it was given has not been carried out; but, on the other hand, it has been used for a different purpose. He simply held it, and is now endeavoring to use it by suit to collect an amount which the original maker promised to pay him.

Counsel for appellee relies upon the case of *Pearl* v. *Cortright,* 81 Miss. 300, 33 So. 72. That case is unlike the one now before us for decision. Therein an agreement was made between the payee and the original maker that Cortright should indorse the notes and become surety thereby for the payment thereof. In the present case there was no agreement between E. L. Cowan, the maker, and Hudson, the payee, to the effect that R. G. Cowan was to become the surety. On the other hand, E. L. Cowan opposed R. G. Cowan's becoming comaker with him. Mr. Hudson withheld this information from R. G. Cowan. We can hardly conclude from the testimony that E. L. Cowan expected his father would be asked to sign the note. He certainly did not agree that it should be done.

The trial court erred in granting the peremptory instruction.

*Reversed and remanded.*